IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARLOS WOODS #42821-037,  :

   Petitioner,  :

v.  :   Civil Action No. WDQ-12-649
   (Related Crim. Case WDQ-07-127)

UNITED STATES OF AMERICA,  :

   Respondent.  :

o0o

**MEMORANDUM**

Before the court is Carlos Woods's Petition for Writ of *Audita Querela* under 28 U.S.C. §1651. For reasons to follow, the Court finds no basis to issue the writ and the Petition will be denied.

    I.    Background

Woods, an inmate at the Federal Correctional Institution-Cumberland, was convicted by jury of two counts of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841. On October 23, 2007, this Court sentenced him to a 262-month term of imprisonment. On January 5, 2009, the convictions and sentences were affirmed by the United States Court of Appeals for the Fourth Circuit.

In his Petition, Woods posits that the federal government should not have pursued his prosecution when he was under indictment for the same offenses in the state court. He further claims his indictment was defective and he was charged under the wrong statute. Violations of the commerce clause also are alleged. He claims a Writ of *Audita Querela* is the only remedy available to him and is necessary "to achieve justice."

II.     Discussion

The court is mindful that the self-represented Petitioner specifies that his pleading is not a successive motion under 28 U.S.C. § 2255, and posits that his Writ should be considered a "first motion" collaterally attacking his conviction.

Regardless of how Woods characterizes the pleading, however, the subject matter of the motion, and not the title he assigns, will determine its status. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998); *see also United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Where, as here, a pleading clearly challenges a petitioner's conviction or sentence, a § 2255 motion is the appropriate legal proceeding to request relief. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) (*en banc*). Section 2255 is the presumptive means for a federal inmate to collaterally attack his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Woods's first § 2255 petition was denied on April 29, 2011. *See Woods v. United States*, Civil Action No. WDQ-10-1321 (D. Md). Second or successive motions under § 2255 may not be filed absent leave to do so from the Court of Appeals. *See* 28 U.S.C. §§ 2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d at 1197-98. Woods provides no evidence of such pre-filing authorization.

In any event, Woods fails to demonstrate extraordinary circumstances where other post-conviction remedies are unavailable to warrant relief under *audita querela*.[1] The writ is not available to challenge a conviction or sentence where the claims could have been raised pursuant

---

[1] The writ cannot be obtained on purely equitable grounds. *See Muirhead v. Attorney General of U.S.*, 262 F. App'x. 473, 474 (3d Cir. 2008); *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995); *United States v. Holder*, 936 F.2d 1, 5 (1st Cir. 1991).

to 28 U.S.C. § 2255.[2] *See Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *Pennsylvania Bureau of Correction v. United States Marshal Service*, 474 U.S. 34, 43 (1985) that " '[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.'" and " '[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'"); *see also United States v. Valdez-Pacheco*, 237 F.3d 1077, 679 (9th Cir. 2001) (courts have limited *audita querela* to instances where there are gaps in the framework of federal post-conviction relief and no other remedy is available). The remedy provided under § 2255 is neither inadequate nor ineffective because a petitioner does not meet the gatekeeping requirements set forth in the federal habeas statute. *See* 28 U.S.C. 2244(b)(3)(A); *Valdez-Pacheco*, 237 F.3d at 1080. Consequently, resort to the residual authority of the All Writs Act is unnecessary and improper.

III.   Conclusion

For these reasons, the Court finds no grounds to issue the writ. The Court declines to issue a certificate of appealabilty because Woods has not "made a substantial showing of the denial of a constitutional right." *Id.* at §2253(c) (2).  A separate Order follows.

3/5/12
Date

William D. Quarles, Jr.
United States District Judge

---

[2] The grounds presented here were in fact raised in Woods's first Motion to Vacate.

3